AO 245B   Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | STATEMENT OF REASONS |
|---|---|
| V. | |
| EDWARD R. VOCCOLA | Case Number:  1: 02-10257-001REK |
| | Francis Dimento, Esq. |
| | Defendant's Attorney |

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

Government's Objection #1 overruled. Defendant used knowledge of brokerage practices and judgment in buying and selling stocks that any sensible individual could acquire. He did not use special skills as that term is explained in USSG 3B1.3. He did not depend on special education and training. I agree with the Probation Officer's response.

☒ See Continuation Page

**Guideline Range Determined by the Court:**

| Total Offense Level: | 13 | | |
| Criminal History Category: | II | | |
| Imprisonment Range: | 15 | to  21 | months |
| Supervised Release Range: | 3 | to  5 | years |
| Fine Range: | $ $3,000.00 | to  $ $16,000,000.00 | |

| | 05/13/04 |
|---|---|
| Defendant's Soc. Sec. No.:  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 | Date of Imposition of Judgment |
| Defendant's Date of Birth:  00-00-54 | *Robert Keeton* |
| Defendant's USM No.:  23071-038 | Signature of Judicial Officer |
| Defendant's Residence Address: | The Honorable Robert E. Keeton |
| 14 Marlborough Street, Unit 401 | |
| Boston, MA  02116 | Senior Judge, U.S. District Court |
| | Name and Title of Judicial Officer |
| | 5/19/04 |
| | Date |

Defendant's Mailing Address:

Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA  02360

AO 245B     Judgment in a Criminal Case - D. Massachusetts
            Statement of Reasons - Sheet 2

Statement of Reasons - Page  2  of  4

**DEFENDANT:** EDWARD R. VOCCOLA
**CASE NUMBER:** 1: 02-10257-001REK

# STATEMENT OF REASONS

[x] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $  $108,563.00

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B     Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 3

Statement of Reasons - Page 3 of 4

DEFENDANT:     EDWARD R. VOCCOLA
CASE NUMBER:     1: 02-10257-001REK

## STATEMENT OF REASONS

[x] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

The motion for downward departure is denied. I find that the reports filed by defendant as to mental capacity and addiction to gambling are based on an incorrect understanding of the law applicable to contentions of addictive gambling. I find that defendant has failed to show that he cannot curtail his impulses to gamble by making fraudulent purchases of stocks.

I decide that I should take into account his being confined where he cannot receive therapy as a reason for sentencing at the low end of the guideline range. Also I find in the exercise of discretion that a reduction below the lower end of the guideline range as I have determined it would not be appropriate in this case.

I take into account also that defendant will be entitled to credit for time in custody on these offenses since June 4, 2003. Fifteen months will run out on September 4, 2004, without any good time credits.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

[ ] The sentence departs from the guideline range:

    [ ] upon motion of the government, as a result of a defendant's substantial assistance, or

    [ ] for the following specific reason(s):

[ ] See Continuation Page

AO 245B  Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 4

Statemennt of Reasons - Page   4   of   4

DEFENDANT:     EDWARD R. VOCCOLA
CASE NUMBER:     1:  02-10257-001REK

## ADDITIONAL FINDINGS AND GUIDELINES APPLICATIONS EXCEPTION

Government's Objection #2 overruled. Defendant lied about his non-attendance at Gambler's Anonymous. But this did not obstruct or hinder in any way the investigation and prosecution. I agree with the Probation Officer's response.

Government's Objection #3 is overruled in view of the overruling of Government Objections ## 1 and 2.

I rule that United States v. Saunders, 957 F.2d 1488 (8th Cir. 1992), and United States v. Chukwara, 5 F.3d 1420 (11th Cir. 1993), are not in point. I conclude that the First Circuit would not approve and adopt the government's argument. Since the government has not proffered evidence to support any other finding above the figure of $108,563 proposed by defendant, I will use the defendant's figure as the relevant loss in calculating the guidelines.

Defendant's Objection #1 is sustained. The resulting guidelines calculation is $6 + 6 + 2 + 2 = 16$ minus 3 for acceptance of responsibility yields 13.

## ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE

ADDITIONAL FINDINGS CONTINUED FROM ABOVE:
The state offenses in 1990 (5 days apart) were sentenced on the same date. I rule that they were related, and the Criminal History Category is therefore II.

Defendant's Objection #2 is sustained in part. I approve the modifications of the PSR explained by the Probation Officer's response in the revision of 3/4/03. I agree with the Probation Officer's analysis and overrule Defendant's Objection #2 in other respects.

Defendant's Objection #3 concerns alleged grounds for downward departure and is considered in making rulings on the motion for downward departure.