

# MEMORANDUM

**To:**  Honorable Robert E. Keeton, U.S. District Judge
**cc:**  AUSA Stephen Huggard
       Francis J. DiMento, Sr.
**From:** Joseph F. LaFratta, U.S. Probation Officer
**Re:**   **VOCCOLA, Edward (Dkt#02-10257)**
**Date:** October 12, 2004

On December 18, 2000, Edward Voccola appeared before the Honorable Patti B. Saris following his plea of guilty to three counts of Tax Evasion, in violation of 26 U.S.C. § 7201 (Dkt#00-1019). He was sentenced to 12 months and one day of custody to be served in a half-way house. This term of custody was to be followed by a period of three years of supervised release with the following special conditions: the defendant shall participate in the Gambler's Anonymous Program; and meet with the IRS within 60 days of release to determine prior tax liability and file tax returns due and owing. It was also ordered that the defendant pay a fine of $3,000 and a special assessment of $300.

Mr. Voccola then appeared before Your Honor, having previously pled guilty to eleven counts of Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, two counts of Falsely Representing a Social Security Number, in violation of 42 U.S.C. § 408(a)(7), four counts of Mail Fraud, in violation of 18 U.S.C. § 1341, and one count of Wire Fraud, in violation of 18 U.S.C. § 1343, at which time he was sentenced to 15 months custody to be followed by 60 months supervised release with the following special conditions: The defendant is prohibited from possessing a firearm or other dangerous weapon; The defendant may open additional lines of credit or incur new credits without the approval of the Probation Office only if he is not in default in his restitution payments; The defendant is to provide the probation officer access to any requested financial information; The financial information provided to the Probation Office by the defendant may be shared with the Financial Litigation Unit of the U.S. Attorney's Office; The defendant is to participate in an addictive behavior treatment program as directed by the United States Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment; The defendant is to pay restitution in the amount of $108,563 to the following: Morgan Stanley Dean Witter - $81,833; CIBC

World Markets - $26,488; Fidelity - $118; Merrill Lynch - $99; TD Waterhouse - $21; and Paine Webber - $2. The restitution shall be paid in the following manner: the defendant is to pay the balance of the restitution according to a court-ordered repayment schedule whereby the Probation Office is to confer with defense counsel and propose a payment schedule for the Court's consideration. A $1,800 Special Assessment was also imposed.

On August 3, 2004, a Probation Form 12C (Petition for a Summons), requesting a summons on the above mentioned case was sent to Your Honor. This request was in conjunction with an identical request sent to the Honorable Patti B. Saris, regarding Mr. Voccola's violation of his conditions of supervised release, which were all a result of his being arrested for Operating Under the Influence of Liquor in the District of Connecticut.

On September 30, 2004, Mr. Voccola appeared before Judge Saris and admitted guilt to all four violations as outlined in the Petition for a Summons and subsequent violation report. At that time, Judge Saris sentenced Mr. Voccola to time served (one day), to be followed by 36 months of supervised release with the following special conditions:

1. The defendant is to be in home confinement for three months with an electronic bracelet at his own expense. Defendant is allowed out of home confinement status Monday through Saturday for work only, and also for medical appointments or religious services.

2. The defendant is to participate in mental health treatment.

3. The defendant is not to renew the lease at Marina Bay unless restitution is paid off.

As the violations before Judge Saris were identical to those identified before Your Honor, the Probation Office is seeking guidance from the Court with regard to the instant violation. Please indicate below if the Court wishes to pursue the instant violation or if the Court wishes to adopt the findings of Judge Saris.

Jonathan E. Hurtig
Supervising U.S. Probation Officer

[ ] The Court wishes to pursue the instant violation.

[X] The Court wishes to adopt the findings of Judge Saris with regard to the instant violation.

Robert E. Keeton, Senior Judge
11/23/04