# UNITED STATES DISTRICT COURT

_____ **District of** _____MASSACHUSETTS_____

| United States of America | |
|---|---|
| V. | **ORDER SETTING CONDITIONS OF RELEASE** |
| EDWARD VOCCOLA | |
| Defendant | Case Number: CR 02-10257-REK-1 |

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case. Including, but not limited to, 18 U.S.C. ss. 1503, 1512, 1513 attached to this order.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number and the new address proposed address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____USDC BOSTON_____
Place

_____USDJ KEETON_____ on _____11/8/2005 @ 11:00 AM for final revocation hearing_____
Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence

(   )   The defendant executes an unsecured bond binding the defendant to pay the United States the sum
_____ dollars ( _____ )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(   ) (   The defendant is placed in the custody of:
  (Name of person(s)) _____
  (Address) _____
  (City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____      _____
Custodian or Proxy        Date

_____      _____
Custodian or Proxy        Date

## ADDITIONAL CONDITIONS OF RELEASE

( ✔ ) (7) The defendant shall:

✔ (a) COMPLY WITH ALL CONDITIONS CURRENTLY IN PLACE VIA PROBATION DEPARTMENT.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Edward Vorol_
Signature of Defendant

_10 Seaport Drive Unit 2308_
Address

_Quincy, Ma 02171_
City and State        Telephone

## Directions to United States Marshal

(✔) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date _10/27/05_

_[signature]_
Signature of Judicial Officer

NOREEN RUSSO - DEPUTY CLERK
Name and Title of Judicial Officer

Page 3 of 5

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

As amended Oct. 12, 1982, Pub.L. 97-291, § 4(c), 96 Stat. 1253.

### § 1512. Tampering with a witness, victim, or an informant

(a) Whoever knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

    (1) influence the testimony of any person in an official proceeding;

    (2) cause or induce any person to—

        (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

        (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

        (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

        (D) be absent from an official proceeding to which such person has been summoned by legal process; or

    (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

shall be fined not more than $250,000 or imprisoned not more than ten years, or both.

(b) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from—

    (1) attending or testifying in an official proceeding;

    (2) reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

    (3) arresting or seeking the arrest of another person in connection with a Federal offense; or

    (4) causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted; or assisting in such prosecution or proceeding;

or attempts to do so, shall be fined not more than $25,000 or imprisoned not more than one year, or both.

(c) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.

(d) For the purposes of this section—

    (1) an official proceeding need not be pending or about to be instituted at the time of the offense; and

    (2) the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

(e) In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance—

    (1) that the official proceeding before a judge, court, magistrate, grand jury, or government agency is before a judge or court of the United States, a United States magistrate, a bankruptcy judge, a Federal grand jury, or a Federal Government agency; or

    (2) that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.

(f) There is extraterritorial Federal jurisdiction over an offense under this section.

Added Pub.L. 97-291, § 4(a), Oct. 12, 1982, 96 Stat. 1249.

§ 1513. Retaliating against a witness, victim, or an informant

(a) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for—

    (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

    (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings given by a person to a law enforcement officer;

or attempts to do so, shall be fined not more than $250,000 or imprisoned not more than ten years, or both.

(b) There is extraterritorial Federal jurisdiction over an offense under this section.

Added Pub.L. 97-291, § 4(a), Oct. 12, 1982, 96 Stat. 1250.