Prob12A
(7/93)

# United States District Court
## for the District of Massachusetts
### Report on Offender Under Supervision

**Name of Offender:** Edward Voccola       **Case Number:** 02-10257

**Name of Sentencing Judicial Officer:** The Honorable Robert E. Keeton, Senior U.S. District Judge
**Name of Assigned Judicial Officer:** The Honorable Mark L. Wolf, Chief U.S. District Judge

**Date of Original Sentence:** 5/19/04
**Date of Sentence on 1st Violation**: 9/30/04
**Date of Sentence on 2nd Violation:** 12/21/05
**Date of Sentence on 3rd Violation:** 11/4/08

**Original Offense:** Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff (counts 1-11), Falsely Representing a Social Security Number, in violation of 42 U.S.C. §408(a)(7) (counts 12-13), Mail Fraud, in violation of 18 U.S.C. §1341 (counts 14-17), and Wire Fraud, in violation of 18 U.S.C. §1343 (count 18)

**Original Sentence:** 15 months' custody, 5 years of supervised release
**1st Violation**: Time served (1 day), 3 years of supervised release
**2nd Violation:** Supervised Release extended to 48 months
**3rd Violation:** 11 months' custody, 4 years of supervised release

**Type of Supervision:** Supervised Release       **Date Supervision Commenced:** 12/14/01
**Date Supervision Re-commenced**: 9/30/04
**Date Supervision Re-commenced**: 12/21/05
**Date Supervision Re-commenced:** 10/9/09

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| I | **<u>Violation of Mandatory Condition</u>**: While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.<br>According to Massachusetts State Police documentation, on March 21, 2010, a state trooper observed a 2003 Mercedes-Benz E500 operating erratically on Route 3 in Braintree, Massachusetts. The trooper conducted a motor vehicle stop. The driver of the vehicle, Edward Voccola, could not produce a registration for the vehicle. Investigation revealed that the car's inspection sticker had expired in July 2009, that the car's registration had been revoked on February 7, 2009 due to an insurance cancellation, and that Mr. Voccola's license was expired/non-renewable as of February 25, 2010. The trooper issued Mr. Voccola a criminal summons for Operating a Motor Vehicle with Registration Revoked, Unlicensed Operation of a Motor Vehicle, Uninsured Motor Vehicle, Marked Lanes Violation, and Motor Vehicle Not Meeting RMV Safety Standards. The car was towed from the scene. |

  **II**    <u>**Violation of Standard Condition #11:** The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.</u> As discussed above, Mr. Voccola was pulled over and issued a criminal summons for motor vehicle violations by the Massachusetts State Police on March 21, 2010. Mr. Voccola did not report this incident to the probation officer until the probation officer asked about it on March 26, 2010.

<u>U.S. Probation Officer Action</u>: Upon learning of the incident, the Probation Officer interviewed the state trooper in question and obtained a copy of the relevant police documentation. The Probation Officer then instructed Mr. Voccola to report to the Probation Office on March 26, 2010. Mr. Voccola reported to the office as instructed. When asked about the incident, Mr. Voccola related that he did not believe that he was driving erratically. He said that he was unaware that his license had expired, but he knew that the car's registration and insurance had lapsed. Mr. Voccola reported that, due to some financial difficulties, he had been unable to register and insure the car. Despite having had Special Condition #11 ("The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer") explained to him on multiple occasions in the past, Mr. Voccola stated that he was unaware that he was supposed to report this incident to his probation officer within 72 hours. Mr. Voccola said that he had planned to report the incident on his next Monthly Supervision Report.

The Probation Officer reviewed the relevant conditions with Mr. Voccola and offered him another copy of his signed conditions for his records. Mr. Voccola has requested a hearing with the state court to address the alleged motor vehicle violations. The Probation Office will monitor the state case, and advise the Court of any significant developments. The Probation Office recommends that the Court take no formal action at this time, pending the resolution of the matter in the state court. Based on the nature of that resolution, the Probation Office may recommend sanctions at that time.

| Reviewed/Approved by: | | Respectfully submitted, |
|---|---|---|
| /s/ Joseph LaFratta | By | /s/ Brett L. Wingard |
| Joseph LaFratta | | Brett L. Wingard |
| Supervising U.S. Probation Officer | | U.S. Probation Officer |
| | | Date: March 30, 2010 |

[X] Approved
[ ] Submit a Request for Modifying the Conditions or Term of Supervision
[ ] Submit a Request for Warrant or Summons
[ ] Other

                      /s/ Mark L. Wolf

                      Signature of Judicial Officer
                      July 12, 2010
                      Date